**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARRY CARR,<br><br>Defendant. | Case No. 19-mc-80013-BLF<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND FEBRUARY 8, 2022 ORDER** |

Before the Court is Defendant Harry Carr's motion to alter or amend the Court's February 8, 2022 order adopting Magistrate Judge Virginia DeMarchi's report and recommendation pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). ECF No. 72. Plaintiff PNC Equipment Finance, LLC opposes the motion. ECF No. 73. The Court finds this motion suitable for disposition without oral argument and VACATES the July 14, 2022 hearing. Civ. L.R. 7-1(b). The Court DENIES the motion.

Parties bringing motions under Rules 52(b) and 59(e) must meet a heavy burden. Motions under Rule 52(b) may only be granted to "correct manifest errors of law or fact or to address newly discovered evidence or controlling case law." *ATS Prods. Inc. v. Ghiorso*, 2012 WL 1067547, at *1 (N.D. Cal. Mar. 28, 2012). A court may grant a Rule 59(e) motion if "(1) such a motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such a motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Importantly, neither Rule may be used as a vehicle for reconsideration of issues already

United States District Court
Northern District of California

raised or a rehearing on the underlying motion.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2810.1 (2d ed. 1995)); *Perez v. State Farm Mut. Auto. Ins. Co.*, 291 F.R.D. 425, 430–31 (N.D. Cal. Jun. 21, 2013) ("Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing.") (quoting *ATS Prods.*, 2012 WL 1067547, at *1).  The Court has reviewed Carr's motion and finds that that is precisely what he seeks here.  Carr's motion raises the same arguments that he made before this Court in his motion for de novo review of Judge DeMarchi's ruling; indeed, many of the arguments are the same ones he made before Judge DeMarchi in the first instance.  Carr cites many of the same cases too.  The Court finds that Carr has identified no "manifest error" in its prior decision that requires correction.  *See ATS Prods.*, 2012 WL 1067547, at *1; *Herron*, 634 F.3d at 1111.

To the extent Carr seeks reconsideration of the Court's February 8, 2022 order, he did not follow the relevant provisions of the Civil Local Rules, which require him to request permission to file a motion for reconsideration.  *See* Civ. L.R. 7-9(a).  But even construing Carr's present motion as a motion for leave to file a motion for reconsideration, the Court DENIES leave.  Carr has not shown that any of the factors warranting reconsideration are present in this case.  *See id.* R. 7-9(b)(1)–(3).  In particular, his request violates the Local Rule prohibiting "[r]epetition of [a]rgument" that was made in the underlying motion.  *Id.* R. 7-9(c).

Accordingly, Carr's motion is DENIED.  No further motions for reconsideration (or the like) are permitted.

**IT IS SO ORDERED.**

Dated: March 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge

2